Good morning. My name is Linda Olthoff and I represent Devon Rogers. State? My name is Marcy Jacobs. I'm an Assistant State's Attorney representing the people of the state of Illinois. Each side has 15 minutes, but we don't look at our watches in this division. As long as you keep it moving, we'll let you keep moving. So anytime you're ready, Ms. Olthoff, you'll have time for reply. Okay. Thank you. In January of 2010, the court placed Devon Rogers on a term of two years of probation, with one of the conditions of those probation being that he complete 120 days of day reporting. Although his failure to show up one day at that day reporting may have constituted a violation of probation, it did not constitute a violation of escape under the Electronic Home Detention Act. In our opening brief, we argued that the state failed to prove Devon Rogers guilty of escape beyond a reasonable doubt because it did not prove that day reporting had been imposed as a condition of that probation. This court subsequently ordered supplemental briefing to address the questions of whether the escape provision of the criminal code would apply here, the legal applicability of the Electronic Home Detention Act, and whether the trial court had authority to impose day reporting as a condition of that probation. He was discovered sleeping somewhere, and he didn't show up that day? Had he been reporting previously on a daily basis? Did he have actual knowledge that was expected of him? It seems that he was reporting on a daily basis, yes. So this was news to him, was it? No, he was presumably aware that he, as a condition of his probation, was required to go to day reporting. You mentioned in your supplemental brief that indeed he had five days of orientation on this. He had to watch a video, and the evidence of travel showed that he was advised both on January 12th and the 13th about various rules, which I'm sure you'll get into later, and then he apparently reported for some 10 work days because he violated on the 28th. Is that roughly correct? Yes. Okay, there's no reason to think he failed to show up another 10 days because they didn't file a violation of prior imprisonment, right? So he went for 10 days and then chose to abscond or not report? Right. Okay. In your reply brief, you point out that the day reporting program provides services related to drug treatment, education, job placement, parenting skills, and life skills, right? Correct. And it's your position, certainly in the supplemental brief, that these services should be denied to people who are convicted felons, is that right? That they should not be made, day reporting is not an available sentence for probationers. We did make the argument that there are other avenues for the court to impose similar programs through the probation department, and that this program was really implemented and designed by the sheriff's department as a pretrial, a program for people that are incarcerated prior to trial and that have been denied bond, and so it's given exclusive control to the sheriff's department, and it's maybe not an appropriate avenue. And you cite before this some websites you found for the Cook County Sheriff, is that right? Correct. Can you cite for us today any basis where you're allowed to do such a thing? I'm not mad about it, it's very interesting. But under what theory can a lawyer say that somebody was not brought in at trial, say, I want to attack a verdict based on something I found on the web? Well, I guess I would ask the court just to take judicial notice of, you know, this is what we have, this is what we know based on what the Cook County Sheriff represents about their program. Counsel, are you asking this court to find the day reporting is not available to probationers? Are you asking us to find that? I would argue that this is really not an appropriate condition for probation. That's an argument. Are you asking us to make that holding, though, find that? Yes, that is one potential. Let's go to what I think is the core question of this. Where in the testimony of two witnesses, the major witnesses in this case, Willie Walker and Sean Roberts, where in that testimony is there proof that day reporting is a condition of electronic monitoring? Or is there? Well, that is our contention that it really was not established that this is, that was ever established that this is a condition of electronic home monitoring. Right. The State says it was, but did you find in the testimony that there was sufficient? No. I mean, I think the court imposed a day reporting, and somehow he ended up on electronic monitoring through the Sheriff's Department.  The Sheriff doesn't have the authority to impose electronic monitoring because it is a form of home confinement and considered incarceration, which can only be done by the judge. Well, going to the probation order, and this is his initial probation order, where he pled guilty to aggravated battery. He got 24 months probation, and the last condition is in handwriting from the judge, 120 days Cook County day reporting. That's, you're arguing that is void because they don't have the authority, but you also have a further argument that even if that were true, even if the court could do it, that does not mean that he had to report to electronic monitoring. Right? Correct. Going back to what Justice Harris was asking, on January 12th, Mr. Rogers met with Mr. Walter, one of the fellows who testified, and signed a participant contract. Correct? Right. And that participant contract was pursuant to his sentence in the same case. Is that right? 2009 blah, blah, blah. Yes. And then your client then initialed over approximately a dozen or so propositions. Right? And one of those propositions was that you've received a detailed copy of the rules and regulations of electronic monitoring, and agreed to follow and abide by them, initialed the DR. Correct? Mm-hmm. Now, that whole participant contract talks about doesn't use the word day reporting at all, does it? Right. It uses the words electronic monitoring program. Nobody, either at trial or now, has attached the same detailed copy your client was given of the rules and regulations of electronic monitoring program. Right? It's not cited in anybody's brief, your supplemental brief, their supplemental brief. It was never given to the jury in this case. This participation agreement? Oh, the participation agreement was given to the jury. Okay. It was on the exhibit list. Yes. The question is, but it says here, yes, I acknowledge I received a booklet or some pieces of paper, which indicate in some detail, more detail than this, that rules I have to obey. I got that, said your client, by saying initially. Right. But nobody has that. It's not part of the record in this case. Right. You cite a case called Saussure, by the title of Saussure, for the proposition that when things are not spelled out in probation forms, that that makes it very difficult to enforce those probation orders, and indeed it's improper to try to enforce a probation order, a condition of probation, which is not explicitly laid out. Is that right? Right. And so you cite that for the proposition that since this is just a day reporting, that was insufficient to put your client on notice that he would have to do other things other than whatever day reporting is. Would that be right? Right. In Saussure, there's a second proposition in Saussure, right? There was violation of probation and a violation of periodic imprisonment. And the appellate court in Saussure, you're absolutely right about what they said on the VOP. In that case, it was a child molester who molested his child, was told to stay away, but then he was caught driving by their home. And since it didn't say stay away entirely, don't drive by their house, the appellate court said it wasn't good enough. But as the periodic imprisonment, there was an allegation he violated his periodic imprisonment by driving over to Elgin, where the victim lived. And that is not where he had agreed he would go. And this court said on that, the court's determination as to a violation of probation based upon violations of periodic imprisonment work release is procedurally defective. However, the state presented evidence upon which the trial court could have determined a violation of the conditions of probation. Under the circumstances of this case, any sanction against a defendant for violating the internal rules of the periodic imprisonment work release program would have to come from a source other than the probation order itself. Those sanctions are set forth in Section 5-7-2 of the Unified Code of Corrections. So this, an appellate court held in Saussure, when you violate periodic imprisonment, even though it's a condition of probation, the proper way to go is to proceed statutorily against the offender for violating the periodic imprisonment. Doesn't that, what I just read, say that? Again, not hard and fast, but your argument is really based on, oh, he did violate it. We're not saying he didn't violate the reporting. We're saying he should have, the state should have, is compelled to proceed only by way of violation of probation and are not allowed to proceed by violation of the escape statute based on periodic imprisonment or home, electronic home confinement. Right. Saussure says the exact opposite. Or am I just misreading that? Well, I mean, in this case, there is, he was never, the court never imposed electronic home detention as part of his sentence. But it said day reporting, which, what do you think day reporting is? Well, what's the order missing? So it said 120 days. CCDO, the exact words that you're hung up on, or you would suggest we should be hung up on, 120 days Cook County day reporting. That is insufficient. First, it's wrong. It's void. They don't have the ability, but let's skip that. That is insufficient as a matter of law. It is completely unenforceable because it doesn't explain the day reporting that would be required. Is that right? Well, it doesn't impose electronic home detention automatically. Well, day reporting, home confinement, how are they not the same thing? Well, day reporting, you know, the defendant goes to a program and gets whatever training he needs to get. Electronic monitoring, he's confined to his home. Well, but the day reporting would be meaning that he's at home unless he's at this program, plus six hours to get back and forth, right? A defendant could be given to day reporting and not necessarily home confinement. Really? Because, well, one of the problems here is that there's no statutory scheme for day reporting. So we don't know. I mean, there's a box on the probation order where the judge could check home confinement, and she did not do so. We can't assume that she intended to impose electronic home monitoring as part of that day reporting. There's no outline as to day reporting. So the problem isn't the knowledge of your client because he clearly knew he had to report. The problem is we don't know what was going on in the judge's mind when the judge said 120 days day reporting, and that makes it guilty because we don't know what was going on in the judge's mind. Right. I mean, clearly it's a term of incarceration, term of custody, and must be imposed by a judge. So for the judge to defer that to the sheriff, and we don't know that she meant to, and if she did mean to, she had an opportunity to check the box of home confinement. As far as we can tell, she meant day reporting, go to your, you know, report to this location. So judges, when they get probation, have to read out and write everything that's required of their probationer in great detail sufficiently enough so that Mr. Devon Rogers, Mr. Rogers, can figure out how to obey these rules, which he has never done in his life. But that's the type of detail that's necessary. Yes. Okay? When it's a- Is there a set of dates for that proposition that they have to explain, you know, how that works? When you're going to subject him to a form of custody and an increased restriction in confinement, and I think People v. Thomas speaks to that, to allow the probation department to subject a person to incarceration went beyond what the judge could do. In that case, the judge said, and I'm giving you two years probation, the last 30 days of which, if probation wants to, they can put you in jail. That's a little different than up front a judge saying, is a condition of your two years probation for aggravated battery, I'm imposing a condition you have to report to data reporting, the Cook County Department of Corrections, for the 120 days. Well, and then there's a, but there's nothing in there. I would argue that it's actually similar because it's given the sheriff authority to decide whether it's going to impose electronic home detention. But it would have been, would it have been a phase, suppose the judge had written instead, 120 days electronic home monitoring under the CCDOC. Would that be okay? That would be, yes. That would be a different case if the judge specifically imposed home detention. He used the word home detention. I'm using the word electronic monitoring. Yet he said that. Again, the words I'm using. Electronic monitoring. If he had specified that, yes. So then, so your client wouldn't be unnoticed and conceivably could be. We could confirm his conviction. He had the judge use the word electronic home monitoring instead of day report. If he had said day report, right. If he had intended electronic home monitoring and specified that in the order of probation, I believe, yes. So even though the. Now, Nick, I guess in that case you have the question of whether the day reporting had been imposed as part of that electronic home monitoring. Which would be bad or good? Is that okay or not? So the judge says 120 days electronic home monitoring. He arrives at the jail eight days later and talks to Walters or whatever his name is and says, I'm here pursuant to this court order. And he says, well, that's interesting. As part of our electronic home monitoring program, Mr. Rogers, you'll have to come in and see me every day, Monday through Friday, from 9 to 3. Would that be okay? I don't think so, not without a specific order of the judge. I believe that those are two separate programs. Yeah, those are two separate programs. And so each needs to be specified by the judge and notice given to the defendant as to what exactly is expected of him. Can you cite a case of the proposition that there are, other than the website, that there are two separate programs? One is generally, day reporting is usually for pretrial detainees. And therefore, it requires, that's what he wants to do. He wants us to write an opinion that says every single order of probation that imposes day reporting, first it's invalid. Number two, though, unless it also explicitly says electronic home monitoring, in addition to day reporting, those are all void. They're unenforceable anyway. That would be nice. They're unenforceable. Right? That's what you're asking us to do? Right. Okay. Counsel, doesn't Beecham go through a very detailed description of what day reporting is? The Illinois Supreme Court went through that detail, did they not? Right. Beecham? Right. So Beecham guides us as to what day reporting is, does it not? Yes. Right. So we can look at Beecham as a reason to say here's what day reporting is. There's no statute to tell us, correct? Right. Right. So what this defendant was sentenced to was day reporting. There's no statute to look at to see what that means. There's just Beecham and the requirements that the sheriff has made up or promulgated, correct? Right. Right. As opposed to electronic monitoring, which has a statutory designation as to what the terms and conditions are, correct? Right. And in Beecham, didn't the Illinois Supreme Court say if someone violates day reporting, they could be charged with escape, but not under the electronic monitoring statute, under the general escape statute, right? Correct. Right. So Beecham can be used then, can it not, as a basis for making your argument, correct? Yes. Yes. Well, actually it would be part of your argument then that he could have been charged under escape rather than the subset of escape, the electronic monitoring violation, which is what he did. It should have been general escape. It would have been a better charge based on the dicta in. Assuming that the day reporting is a valid condition of probation, then probably escape under the criminal code would have been the better avenue to go. Then escape from electronic monitoring, which is what he was on. Right. Okay. Let me ask you this. He was sentenced to day reporting, correct? Yes. And do you know what date he saw the electronic monitor investigator? I believe the 12th. It was the 12th. And when did he see the day reporting investigator? I believe it was the 13th. The 13th. So a condition of his sentence is day reporting, and all of a sudden he's placed on EM, which is not a condition of his sentence, correct? Right. Right. So there's a contract or agreement that one signs when going through electronic monitoring, correct? Right. Does that contract have anything in it about day reporting? No. No. But again, we're missing part of it, are we not? What's in the evidence, though? Is that in the evidence, that report, only the one sheet, correct? The participation agreement, yes. That's what's in evidence. Does there exist a report that or a contract that has to do with day reporting in the system, ever? There's none in evidence. Not in our record, but in the system, from your knowledge of what goes on. That I don't. I assume that they go through an agreement with him, yes. Okay. Please look at the Campo case. Doesn't Campo go very through the detailed conditions of what the conditions, program conditions for day reporting were at that time? Right. Justice Talian is ruling? Right. So at some point in time, there was a contract or an agreement or something that had to do with specifically day reporting. Right. Is there any evidence in this case as to any contract for day reporting? I don't believe that there is. No, there isn't. There's nothing in the record to suggest he signed anything where there was agreement about day reporting. Well, other than his probation specifications, which reads, 120 days day reporting, right, written by the judge. Look at the conditions of what I have to do, what I don't have to do for day reporting. There's nothing in there that specifically talks about that. Nothing in the evidence, correct? Right. Right. Thank you. Counsel, if we go the way you'd like us to go, would all the individuals that are on electronic monitoring with no reference to the day reporting, would they be excused from this day forward? No. No. I mean, I think the electronic home monitoring statute is very clear in that you need to wear your ankle bracelet, you need to give access to the probation officer or whoever to your house, you need to be, you know, it's very explicit. So anybody who violates any of those very explicit conditions. There must be dozens, maybe hundreds of individuals that are on electronic monitoring that are faithfully going to day reporting, and if we were to release a decision as you would like us to issue, they'd say, well, forget the day reporting. It's not in the contract. And the appellate court is letting us off the hook. We don't have to be here anymore. No, because I think that if the judge had imposed day reporting as a condition of probation, the state still has the avenue to pursue them either through a violation of probation or possibly through the escape statute of the criminal code. So you're saying we now impose all this additional work on the state's attorneys? It's not a different additional work. It's just a different avenue to pursue to make sure that people comply with the conditions that have been imposed, whether it's a different statute that they proceed under or whether it's through a violation of probation. What about the pretrial guys, the guys who are going to day reporting, as you say, from reading the web, going on the web, it's actually done generally to try and assist people who are charged with crimes before they're convicted of them. And so they're required as a condition of their bond, as I mentioned, to do day reporting. So when they abscond, disappear, what are they charged with? They can be reincarcerated because they really are incarcerated. Oh, that's their only solution is that they should bring a new charge. They should not bring a new charge. They should just change the condition of the bond. Or they could be prosecuted, I assume, under the escape provision. But they're day reporting. Right, and so under the criminal code. How are they different for pretrial than after trial? Why would the escape provision apply to pretrial detainees rather than convicts, the people convicted of felonies? You just suggested it was good. Now, if you don't want to, I know how long you've been driving. I pester you and you're standing on your feet. It's difficult to jump back. So if you want to back off of that, go ahead. I mean, if they are subjected to day reporting, the escape provision of the criminal code, not the electronic home detention law, I believe gives them an avenue to pursue people who have been charged with or convicted of a crime and are in custody. Well, now that you've brought that up, every sentence for escape has to, by law, be served consecutively to any sentence the person is currently under, 735-8-4G like George. Was this a conditional discharge, one year of non-reporting imposed by Judge Sachs after this jury trial? Was that consecutive to his current probation? I'm not sure how he... It doesn't say it was, does it? No. No. Therefore, that order from Stan Sachs would be void under 735-8-4G. This is not consecutive, which is kind of your argument is that it's void. The sentence is void. So perhaps we should just send it back for a new sentence. Would that kind of make sense? Is that an issue before the court today? I mean, no. Isn't all void orders in front of the court at all times? I mean, that's the position your office has always had. Right. I mean, I suppose if this court believes that that sentence is a void sentence, you could send it back. You don't agree with that. I'm arguing that he wasn't even proved guilty beyond a reasonable doubt of the connection. You also mentioned, so let's go to that. That's where Justice Harris is going, right? So he was not proven guilty beyond a reasonable doubt. Based on what? What element from the IPI was missing? What did they fail to prove? The state argues that he knowingly failed to appear to day report. Right. And what was missing? Well, they didn't prove that he was required to go to day reporting as a condition of his home monitoring. Right. So, I mean, if anything, day reporting was imposed by the court. Yes. Subsequently, the sheriff put him on electronic home detention. If anything, home detention might have been a means to ensure. Can we not use the word home detention since it's not used anywhere in this whole area? Okay. It's either day reporting, which is what he's sentenced to, or electronic home monitoring. Okay. No such thing as home detention. At least that's not an issue at all. So go ahead. If anything, electronic monitoring then would, we would maintain it was not properly imposed. But even assuming the sheriff could put him on electronic monitoring, it may have been a means for the sheriff to ensure he complied with the day reporting, which was the condition imposed. But it was also, I mean, it came later. And so it was not a condition of, day reporting could not be a condition of electronic monitoring. If anything, electronic monitoring might have been a tool used to ensure compliance with day reporting. It could be a condition of day reporting. But we would argue that the converse was not true. But then how does it affect the instruction? Well, and Judge Sachs continually said that this is a jury question. If day reporting is a condition of home monitoring, this is for the jury. But the instruction told the jury, if you find that he did not go to day reporting, he has violated his electronic home monitoring agreement. Basically gave him that proposition as a matter of law. And so it took that question away from the jury, so the jury never was able to make that determination. But isn't it a legal argument that it's not required? Because certainly, I mean, as Justice Harris is pointing out, he reported. He reported for, as I say, it looks like ten days. He saw the video, as you point out, or he attended five days of orientation, went to where he was supposed to go over the first ten days. He certainly knew he had to go to day reporting and chose not to. And so, therefore, he knowingly didn't go to day reporting. It's just a legal argument that it's not proper. Did he know that day reporting was a condition of electronic monitoring that would subject him to escape? I mean, he may know, yes, I have to go to day reporting because the court ordered that as part of my probation. If I don't do that, I will have my probation violated. But did he know that that was a condition of this electronic monitoring agreement, which was put in later? It's not in the statute, and it's not in the participation agreement anywhere. While he knew he had to go, did he know that failure to go would subject him to escape under the home detention law? Is that a question of fact, counsel? Is day reporting a condition of electronic monitoring? Yes, because it's not an automatic condition. It's not something that's a statutory requirement. If anything, it might be found in the catch-all provision, but then we need to prove, or the state needs to prove, that it imposed that as a condition of electronic monitoring. What's the burden proof? Beyond a reasonable doubt. Well, in his participant contract, it does read as in that one of the sentences, you understand that violation of the program conditions may result in a warrant being issued for your arrest for a crime of escape under 730 ILCS 5-8A-4.1. It was advised. If you violate our conditions, you're going to be charged with escape. Right? Right. But does he know that a condition was day reporting, was the condition of home electronic monitoring? And that's the question here. Okay. So the IPI is wrong. We should make that a condition as well. Well, only if it becomes a statutory condition or if it's an automatic condition. I mean, there's no evidence that day reporting is considered. There's nowhere statutory-wise, case law-wise, that day reporting is a condition of electronic home monitoring. Oh, there's testimonies by one of the Cook County sheriffs. Right, but testimony, I mean, you could testify. You can't, I mean, that doesn't establish definitely an element of an offense. You can't create elements. Well, yeah. It's a statutory. This is an element of the offense. Certainly, it's a statutory element. You could say, yeah, the guy pointed a gun at me, yes. But you can't create a new element or you can't create an element just through testimony. There needs to be something that's establishing that this defendant knows that he's going to be subject to prosecution for this. So he knew he was under, clearly, the argument then is he knew he'd be eligible to be found in violation of probation and sentenced to IDOC or whatever because it says day reporting. But since it doesn't explicitly say, except in a participant contract, he could go to, he's subject to this other statute, charged with escape under credit imprisonment or credit imprisonment home electronic monitoring, he can never be charged with that. Right. Okay. Just wanted to clarify. Yes, that's my reply. Okay. Thank you. Thank you. Good morning, Your Honors. The defendant concedes that he knew that the judge ordered him to attend day reporting and he does not dispute that he failed to report to day reporting. He simply argues that it was not proven that he understood that day reporting was a condition of electronic home monitoring and, in fact, that day reporting was a condition of electronic home monitoring. But the evidence, which must be taken in a light most favorable to this State at this point, in fact, did establish that through the testimony that has been discussed earlier. I'll go right to your initial question. I'll direct you to the record E139-40 and 150-152, where Willie Walker, the investigator for the Cook County Sheriff's Electronic Monitoring Program, who is a representative of that supervising authority, did, in fact, state that day reporting can be a condition of electronic monitoring program and it was for a defendant. And he didn't say it was. It said it can or may. Did he not? At one point he said it can, and at another point he said it was for a defendant. Now, where in the record does he say, for this defendant, he said? For this defendant. That was his opinion. That was his testimony. But that was his opinion, was it not? Well, he is a representative of the supervising authority, which has all, as we know from Beecham, has all of the discretion in how to run their programs. But wasn't his interpretation of what the sentence was? Didn't he refer to the S-E-N-T on the top of the E-M comment? That was shorthand. It is an internal shorthand cue of what's going on for sure. That's based on what, counsel, this S-E-N-T? He's using that as a basis for saying this was? He is a representative of the supervising authority, which is the Cook County Sheriff's Office, which, according to Beecham, has all of the authority to, quote, unquote, complete authority over the program. The sheriff may, in his discretion, modify, intensify, or cancel the program at any time. I don't understand how S-E-N-T means that he was knowingly sent to home monitoring. Well, I don't. I don't understand. S-E-N-T, they stand for a lot of things, but I don't see home monitoring in there that he's a participant. I think that's a heck of a stretch to say that testimony supports that conclusion. I'm not pointing to the testimony about S-E-N-T to support that conclusion. That's obviously some internal notations between themselves. He definitely testified to that, but that's not what I'm pointing to to support the conclusion. The testimony I'm pointing to, and I certainly don't expect the defendant to know what S-E-N-T either. The testimony I'm pointing to is his exact words in those pages that I cited to you where he said day reporting can be a condition for electronic home monitoring and, in fact, was for this defendant. And again, he said was for this defendant, not S-E-N-T. Yes, yes. That is correct. Doesn't he say the defense was sentenced to day reporting and E-M is a condition of day reporting? Didn't he say that at one time? His testimony, and I'll quote, he said they both work together. The programs work side by side. You can't be in day reporting and be on electronic monitoring program without being sentenced to day reporting. And then to supplement that testimony, Sean Roberts also. Just focus on his testimony. Yes. It was a little confusing, wasn't it? It is confusing. I don't think it's clear, but the point is it is a sufficiency of the evidence question. It is a fact question for the jury if they, what they can interpret from that. But that's not all that was out there. Let me just look at his testimony. Do you think his is sufficient to show beyond a reasonable doubt that day reporting is a condition of E-M? I think his testimony in conjunction with Sean Roberts' testimony that we haven't yet talked about, in conjunction with the notice elements that Justice Quinn discussed that he knew from his participation contract, all is absolutely sufficient beyond a reasonable doubt. Now, wait a minute. This participant contract. Yes. I think you have to agree, you should be able to agree, that it's ambiguous on this point. It's not clear. There's no explicit condition within that agreement which alerts this individual that he has a day reporting requirement. Well, I completely agree with you. There were not one, but two catch-all provisions authorizing the supervising authority to add other conditions. There were two of them. But the probation order requires 120 days. And the probation. But if we're just talking. I mean, the judge somewhere sat down and said, 120 days, day reporting. Put it on a piece of paper called a minimus. The participation contract, which tracks the language of the statute, has two distinct catch-all provisions that allows the supervising authority, which we know from Beecham, to have discretion. We're dealing with a person's liberty here. And when we're dealing with the liberty of an individual, shouldn't we be more precise? Shouldn't there be more explicit, direct, express conditions upon which we can charge him with knowledge? Well, I would. Again, I would suggest that what you're talking about is a sufficiency of the evidence issue. And whether or not all of this testimony taken together did give him the notice. And our argument, obviously, is that all the testimony taken together. I mean, the fact that he even went to, on January 12th, before he went to the day reporting supervisor, he went to the home electronic monitoring supervisor. Obviously, the judge is aware when he writes down the words, day reporting, that that includes home electronic monitoring. How do we know that? How do we know that? Well, we know that because it's circumstantial evidence that he went. Because of circumstantial evidence. That the fact that he showed up at the home. Was he told to show up somewhere? That's my point exactly. He was obviously told by someone to show up. Which means that. Not the court. Not the court. But let me address your point for a moment as well. We have the case of People v. William, which was cited by the defendant. People v. William. Which basically states, no, a judge does not micromanage the programs that he assigns the probationers on. If he makes a GED, for example, a condition of probation. He doesn't have to say, you must go to this facility these times of day. Take these particular tasks. Take these particular classes. He doesn't micromanage these. That's a great example. Let's say, in a hypothetical, the person the defendant was charged with, was sentenced to day reporting, probation, and drug abuse counseling. So he's on. EM is part of his, as you suggest, day reporting. He doesn't get his GED. Or doesn't go to the drug abuse program, whatever. Can he be charged with escape because he didn't comply with one of those conditions of probation? Under your scenario, if the drug abuse program is a condition of home electronic monitoring, then yes. Well, I'm saying it's the same situation we have here. He's placed on day reporting. Then yes. With drug abuse. So he can be charged with escape under the EM statute if he doesn't go to the drug abuse program. If he did not comply with the condition, and they made it clear that this was a condition, and by actual testimony in the record, evidence, and by additional circumstantial evidence, we have supported that he did know that this was a condition, and he did know it was a condition. But it wasn't on the EM sheet. It was just in the order. No, and People v. Williams states that that case deals with the fact that the Probation Act directs a probation department to operate programs. In this case, it was to operate programs regarding public service work, and it specifically stated that effective operation of those programs requires delegation of responsibility, that the legislator gave the probation discretion as to when, where, how, and the nature of that work, and that it's an unreasonable burden to place on judges to keep them advised to make all these determinations. It's just necessary that this is a state-run facility. The day reporting program is just a program that the judge ordered that this probationer be involved in as a state-run program that is not micromanaged by the judge. It is micromanaged by the supervising authority, which Beecham tells us has the discretion who to accept in this program, how this program is run, and reasonable other conditions. And this defendant was given ample notice that there are, in fact, other conditions, and if you violate those other conditions, you can be prosecuted for escape under the electronic home detention law escape. All right, counsel, let's get back to Sean Roberts' testimony. Yes. What do you say in there? He stated on pages E162 to 163, he said that he, in explaining the rules and regulations of day reporting to the defendant, he specifically explained to defendant that defendant, quote, would be monitored by electric home monitoring, unquote, and that in order, quote, to be monitored by home electronic monitoring, it's mandatory, he, defendant, report to it, the day reporting facility, by 8 a.m. Monday through Friday. So explain to me how that proves that day reporting is a condition. I think that that testimony, I think that testimony shows that he stated that day reporting, he's required to report to day reporting as a condition of home monitoring. And I think that the jury found that, and the jury was reasonable in finding that, and especially now in the light most favorable to the state, that that testimony, in conjunction with Willie Walker's testimony, in conjunction with the notice provisions given in the program contract, that the jury, it cannot be said that no reasonable jury could have found. Counsel, let me ask you this. Wasn't he called in the defendant's case, Sean Roberts? My recollection is that he was called in the state's case. He was, but wasn't he called in the defendant's case as well? I believe he was. Didn't he say when he testified in the defendant's case, in order for the defendant to be monitored by AEM, it is mandatory that he report to day reporting? Didn't he say that in the defendant's case? I will take your word for it. So his testimony is a little confusing as well, isn't it? My, as I stated before, then it boils down to a sufficiency of the evidence issue. It boils down to whether or not any reasonable jury can find it, and absolutely. But beyond a reasonable doubt, that's the standard here. The standard here is the light most reasonable to the state at this point, whether or not this evidence in the light most reasonable to the state, could a jury have found this, could any reasonable jury have found that this, that day reporting was a condition of electronical monitoring? And absolutely, they could have, they did, and now looking at it in the light most reasonable to the state, absolutely, it should be affirmed on that. Okay. Counsel, electronical monitoring, it's contained in 730 ILCS 5 slash 58, whatever. Yes. And if you violate that, clearly under the contract you can be charged with escape, under the section that this gentleman was charged under, correct? You violated electronical monitoring? Yes. What is home detention? What is the home detention program? What is home detention? Right. What is it? Is it the same thing? It's just as Quinn pointed out, home detention wasn't an issue in this case. I mean, there's a program description of home detention. I found that home detention, home electronic monitoring is sort of used interchangeably, not fairly. I agree. They are used interchangeably. Right. Even in the statute the word is home detention. What's home confinement? I think it's, I found them in the case law to be used sometimes interchangeably. I don't want to give a definition. Isn't this part of our problem? These definitions are thrown around by lawyers and by people that work for the sheriff's office and we really don't even know what they are. Home confinement is a condition of probation under 730 ILCS. It's a condition of probation. It's not electronic monitoring. But it was pursuant. It does reference this exact statute as a condition of probation. When it says that, it references the statute number. Anyway, what I'm saying is there's a little confusion as to what's what. We need to look at the statute to help us. If what we're looking for here is to have more uniform terms used, that's, I don't think, an issue for this particular case. Shouldn't we have those things straightened out? But that wasn't an issue in this case because as we've discussed, that checkbox was not checked off. Here's what I'm getting to. Day reporting. Is there a statute on day reporting? There's not. No. No. So what do we look to for guidance to tell us what is day reporting? People versus VJIM. Right. Right. People versus VJIM. Right. And what was that defendant charged with for violating of that day reporting statute? What escape statute? He wasn't. He was not actually charged. I think he wasn't charged with that. What do they suggest in that case? They didn't suggest anything. They just referred to the case of people versus Simmons. They used that as sort of guidance to guide them on the fact that because he could be, because he can be prosecuted for escape, then he must be in custody. You have to be in custody to be prosecuted for escape. He agrees in custody. But don't they say he could be prosecuted for escape under 31.6? They absolutely said that based on the fact that they were, that they based that logic on people versus Simmons, and that happened to be the statute that was used in people versus Simmons. They did not disclude the opportunity to also, I mean, they did not in any way say, but he can only be prosecuted under that escape statute. But we've got VJIM Supreme Court saying that he could be prosecuted under that statute. Correct. Not about the EM statute. Correct. It was never brought up, but it was also never, you know, affirmatively said that it could not be charged. I mean, of course, the state's attorney has the authority and the discretion, where they see that somebody has committed elements of any crime, that they can choose the crime and that they fit the, they feel that the elements meet, and bringing that prosecution is our. How about the day-reporting contract? Is there such a thing? If there's such a, as you, as we've discovered, there's no such thing in this record. I don't know if there is. It sounded like there was. It sounded like something like that might have existed. It was not in this record, and basically we can only go by the evidence in this record, and I absolutely stand by the fact that the evidence in this case, a reasonable trier fact, could have found absolutely that, absolutely could have found the defendant knew it, and that in fact was day-reporting was a condition because the representative of the supervising authority testified to that very fact. But isn't it key in the electronic home monitoring statute that the defendant be advised that if he violates EM, he can be charged with escape under that statute? Correct, and he was. But in the day-reporting contract, which we don't have any evidence of, wouldn't it be clear again what he should be advised of if you violate home, if you violate day-reporting, what you possibly could be charged with? Obviously, the more you're advised, the better, but it doesn't mean just because you're advised only once that you can't be held responsible for the crime you committed. But why is it under the EM statute the legislature has said you must advise these people that you can be charged with escape? In day-reporting there's no such admonition. Well, in the electronic home detention law, there are two catch-all provisions that say, and the sheriff, who is the supervising authority, has the authority to come up with other conditions that are reasonable, and in this case the judge himself ordered day-reporting. And therefore, it was a condition, and the defendant was completely advised that he has to report with all the conditions, not just the ones delineated in the contract. And the condition about being charged with escape, he was never notified that he could be charged with that under violation of day-reporting. He signed and initialed the EM notice, the EM contract. Right, and as we found out in court from the testimony of the two representatives of the supervising authority, they work together, one can't have one without the other, one is a condition of the other. And we can also take the circumstantial evidence of the fact that he showed up at the home electronic monitoring supervisor the day before he showed up at the day-reporting supervisor. What inference do you draw from that? Someone told him to go there. Right. He got there. EM versus day-reporting. And then he managed to get to the day-reporting the next day. He was probably told to go there. Exactly. He was advised. He was notified. He was given notice and advising. Day-reporting versus EM. Huh? Do you think this defendant would know the difference with the terms and conditions of day-reporting versus EM? We proved that he did. We proved that he, all we need to prove is that he had to report for day-reporting and that if he didn't report as a condition of his home electronic monitoring, he's guilty of escape. That's your argument. He could have been charged with violation of probation. I suppose he could have been charged with violation of probation. Okay. Counsel, let me ask you this. Yes. And using the jury instruction of the court. Yes. We understood that there were other jury instructions that were offered relative to his violation of the EM as far as his taking off the bracelet or something with the bracelet. Those were offered. My understanding is they didn't pursue those charges, those other aspects of it. Oh, yeah. That instruction was offered. The court wouldn't allow it. Okay. Because there was no evidence of his any tampering with the device. It was not an issue in this appeal, so I don't recall the specifics of that. Okay. The court allowed in the jury instruction the proposition that defendant knowingly violated a condition of EM by failing to report to day reporting. Correct. Could that in any way have misled the jury? I don't believe so, and here's why. Okay. At trial, the defendant chose his trial strategy. And his trial strategy was not to dispute that he failed to report for day reporting. Okay. And this was an element of the crime, and he chose that because, you know, it was an element of the crime that was extremely well documented and easily verifiable. Oh, yeah. Element of the crime. Element of the crime, of escape, is not reporting for day reporting. He chose not to challenge that. Under EM, so you're making a big jump there, under EM. In the IPI verbatim instruction, you put that he violated a condition of electronic monitoring, and then you put which condition he violated. You fill in the blank. This is the condition he violated. Isn't that presupposed to the jury that this is a condition of EM? It is a condition of EM, but it's – well, I'll get to that in one second. My first point is, is that first we need to acknowledge that he chose not to contest that element of the crime. Okay. He chose not to contest it. That jury instruction. He chose not to contest it, to put on any evidence or try to contest it. He conceded that in his brief. Well, he doesn't have to. He conceded in his brief that he did not contest that element of the crime. And now I think what is happening – Well, he objected to the jury instruction. Did he not? He – yes, he objected to the jury instruction. That doesn't mean he contested that element of the crime. Those aren't the same. Those – he didn't contest the facts of that element of the crime. He contested the jury instruction. And instead, his trial strategy was to dispute the knowledge element. That was what his trial strategy was. And indeed, we have to prove that he knowingly violated the condition of electronic home monitoring. If we didn't prove that day reporting was a condition of home electronic, then we certainly couldn't prove that he knowingly knew it was. I mean, he can't know it if we didn't prove it. So knowingly is the – He couldn't know it. Knowingly is where the factual issue comes into play that the jury – if we didn't prove that day reporting was an element of electronic home monitoring, then the jury would find him not guilty. And if we didn't – because he couldn't know that it was if we didn't prove that it even was. It was already kind of inferred to the juror, though, in the instruction, was it not? No, because the instruction is preceded by the word knowingly. And he has to knowingly violate this. And that goes back to the testimony of your witnesses that he knowingly violated. The testimony of the – all of the testimony combined. The testimony of the witnesses, this is absolutely a factual issue. It's a sufficiency of the evidence issue. And at this point, taken in a light most favorable to the state, absolutely, all of that testimony, all of it combined with the participation contract, showed that, in fact, he was guilty of this crime. I mean, he is now trying – his trial strategy failed. He is only contesting the knowledge. He didn't contest it. He didn't go. And now it failed. And now he wants to complain about the jury instruction. Let me make one more point. You know, this is no different than, like, for instance, a burglary jury instruction,  where the defendant doesn't dispute that he knowingly entered the building. He's just disputing that he didn't have authority. I mean, he's – you can choose what your trial strategy is, what elements you want to challenge and which ones you don't. It doesn't make the jury – the IPI verbatim jury instruction defective. Otherwise, every IPI jury instruction would be defective, because every single one, it says you do something, but there is the element of intent or mens rea that we have to prove. These fill-in-the-blank jury instructions are a little different than the normal pattern jury, aren't they? Well, I've seen a lot of fill-in-the-blank jury instructions. I mean, I think there's – they're pretty typical. I mean, every crime is unique, and you fill in – Facts are unique. Facts are unique. Every – exactly. The facts of every crime. And wasn't it a fact question as to whether or not he – a reporting was a condition of EM? If that was a fact question and we didn't prove it, then we could not have proved that he knew it. No, but it was already in the instruction. But we couldn't have proved it. We still have to prove it. We still have to prove it. It's an element of the crime. And does the Court want me to address any other issues? I don't have any. Okay. With that, I would ask you to affirm the conviction of the defendant. Thank you. Ms. Althoff, briefly. Thank you. Yes, just briefly. We would just maintain that electronic monitoring is a sentence of incarceration, something that is the equivalent of going to a penal institution, that must be imposed by the judge. Thus, it's not – we're not troubling the judge with micromanaging. This is a judicial function that cannot be delegated. And Williams is a little bit different than this case, very different, because in that case the judge specified the number of hours of probation and then gave the defendant to the probation department to determine the community service. It was not an issue of here, you know, we can't delegate micromanagement of imposing the sentence of incarceration. But the one handwritten thing that the defendant was ordered to do was to dereport, and that's the one thing he failed to do, right? Right. I'm not going to ask you to concede. I don't ever ask attorneys to concede. But he failed to report. He did fail to report. Dereporting and electronic monitoring are two separate programs. And again, if you look at CAMPA, you know, in that case, the defendant was initially given electronic monitoring and later transferred to dereporting. So I think that helps us support our position that it's two separate programs and can be imposed separately. But is it required to be imposed separately? That's what you're arguing, isn't it? Yes. Unless they're imposed together, one can't use the other. If the court does not specifically impose electronic monitoring, the defendant cannot be subjected to escape under that statute. All right. And finally, I would just respond to counsel's argument that defense counsel did contest that this was an element of the crime in his closing argument and did argue that the state did not prove that dereporting was part of the electronic monitoring agreement and that, therefore, the jury instructions did take that disputed issue away from the jury. So if there are no other questions. Thank you. This case will be taken under advisement. Thank you. Please call the next case.